Filed 8/2/16  P. v. Solis CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>XICO M. SOLIS,<br><br>  Defendant and Appellant. | 2d Crim. No. B267879<br>(Super. Ct. No. 2013034723)<br>(Ventura County) |

Xico M. Solis appeals from judgment following conviction by jury of five counts of child molestation (Pen. Code, § 288, subd. (a))[1] and one count of luring a minor (§ 288.3, subd. (a)).  The trial court sentenced appellant to state prison for a term of 67 years to life.

Solis contends that section 288.3 is unconstitutional because it is vague and overbroad, and impermissibly impinges on his First Amendment rights.  He also contends that his conviction is not supported by substantial evidence.  We affirm.

FACTUAL BACKGROUND

Solis molested D.C.  D. was 12 years old.  Solis lived with D.'s aunt Alejandra.  D. frequently slept over at the house that Solis and Alejandra shared.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

One morning after D. spent the night at Alejandra's home, Solis pulled D. down onto his lap. He grabbed her right breast over her clothes, then placed his left hand on her thigh and grabbed her vagina over her clothes. D. did not complain because she was scared.

Some months later, D. spent the night at Alejandra's home and Solis touched her again. He hugged her from behind and grabbed both her breasts and moved his hands over them. He then grabbed her vagina with one hand and continued to hold her breast with the other. She called for help but no one came. She tried to get away and he grabbed her right elbow. He said, "shh, shh" and then released her. He giggled as he walked away.

Another time when they were both in the house, Solis sent D. several text messages. He asked her if she liked men or women. D. replied that she liked men. Solis wrote "ooh, that's good" with three exclamation marks. He asked her if she had "been with" a man. She replied no. Solis asked her when she was going to "do it." He told D. that it would hurt the first time but she would like it and then she would do it every day. He told her she could ask him anything about sex. D. told him not to text her anymore and that she would tell her "tia."

The next day, D. told her aunt Gabriella about Solis's conduct and showed her the text messages. She was shaking uncontrollably and crying. Gabriella took D. to the police station to report the crimes. Solis was arrested.

DISCUSSION

*Section 288.3 Is Not Unconstitutionally Vague*

Appellant contends that section 288.3 is unconstitutionally vague because it lacks readily understood standards. The argument lacks merit.

"'The constitutional interest implicated in questions of statutory vagueness is that no person be deprived of 'life, liberty, or property without due process of law,' as assured by both the federal Constitution (U.S. Const., Amends. V, XIV) and the California Constitution (Cal. Const., art. I, § 7). Under both Constitutions, due process of law in this context requires two elements: a criminal statute must "'be definite enough to

2

provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt.'"' [Citations.]'"' (*People v. Morgan* (2007) 42 Cal.4th 593, 605 (*Morgan*), quoting *Williams v. Garcetti* (1993) 5 Cal.4th 561, 567.)

Section 288.3 provides in relevant part:

> (a)    Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 288, 288a, 288.2, 289, 311.1, 311.2, 311.4 or 311.11 involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense.
>
> (b)    As used in this section, "contacts or communicates with" shall include direct and indirect contact or communication that may be achieved personally or by use of an agent or agency, any print medium, any postal service, a common carrier or communication common carrier, any electronic communications system, or any telecommunications, wire, computer, or radio communications device or system.

A law will survive a vagueness challenge if any reasonable and constitutional construction can be given to its language, even if the law is susceptible to a different interpretation that would render it unconstitutional. (*Morgan*, *supra*, 42 Cal.4th at p. 605.) We presume the Legislature intended to enact a valid statute. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 509.) If a statute is susceptible to two equally reasonable constructions, one of which raises serious and doubtful constitutional questions, we adopt the construction that will render it free of constitutional doubt. (*Ibid.*)

Solis argues that section 288.3 is vague because it "requires law enforcement to evaluate whether casual words or glances constitute the proscribed contact or communication with a minor." The same argument was rejected in *People v. Keister* (2011) 198 Cal.App.4th 442, 448 (*Keister*). In *Keister*, the defendant argued that "a glance, wink, or smile could suffice, as could '[w]alking by a child, riding on the same

3

bus with a child, or standing next to a child in a line at the store.'" Citing *United States v. Williams* (2008) 553 U.S. 285, 305-306, the court held that the mere fact that close cases can be envisioned does not render the statute vague. The problem posed by those close cases is addressed by the requirement of proof beyond a reasonable doubt, not the doctrine of vagueness. (*United States v. Williams*, *supra*, at p. 306; *Keister*, *supra*, at pp. 448-449.)

As the *Keister* court explained, "[t]here is no indeterminancy" in section 288.3. (*Keister*, *supra*, 198 Cal.App.4th at p. 449.) Section 288.3 requires the defendant to contact or communicate with a minor or attempt to do so with specific intent to commit an enumerated sex offense. (§ 288.3, subd. (a); *Keister*, *supra*, at p. 449.) "Whether a defendant made the contact or communication and had the requisite intent are yes-or-no determinations, not subjective judgments." (*Ibid.*) These facts may be difficult to determine, but courts and juries "every day pass upon knowledge, belief and intent—the state of men's minds—having before them no more than evidence of their words and conduct, from which, in ordinary human experience, mental condition may be inferred." (*American Communications Ass'n v. Douds* (1950) 339 U.S. 382, 411, citing 2 Wigmore, Evidence (3d ed. 1940) §§ 244, 256 et seq.; *Keister*, *supra*, at p. 449.)

Conceding that *Keister* dispensed with the argument he advances, Solis contends that the more recently decided case of *Johnson v. United States* (2015) 576 U.S. __ [135 S.Ct. 2551] (*Johnson*) compels a different result. We disagree.

In *Johnson*, *supra*, 135 S.Ct. 2551, the United States Supreme Court held that a statutory clause was unconstitutionally vague. The clause enhanced a sentence if a prior conviction "involve[d] conduct that present[ed] a serious potential risk of physical injury." (18 U.S.C. § 924(e)(2)(B).) The Supreme Court found the clause unconstitutionally vague because it left "grave uncertainty about how to estimate the risk posed by a crime." As a result, judges were required to assess the risk according to a "judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." (*Id.* at p. 2557.) In other words, it was uncertain how much risk was required for a crime to qualify as a "violent felony." (*Id.* at p. 2558.)

4

Unlike the statute in *Johnson*, which involved an undefined standard of risky conduct, section 288.3 clearly defines contact or communication "with intent to commit [an enumerated offense]." Solis emphasizes the difficulty of determining a defendant's intent. But that is not an issue of vagueness or overbreadth.

*Section 288.3 Does Not Impermissibly Impinge on First Amendment Rights*

Section 288.3 is not overbroad. It does not prohibit all communication directed towards a minor by any person suspected of having sexual interest in minors. "The only time the communication is criminal is if it is motivated by a specific intent to commit an enumerated sex crime." (*Keister*, *supra*, 198 Cal.App.4th at p. 449) Section 288.3 criminalizes communications with a minor in a way that does not unconstitutionally restrict protected speech. (*Id.* at pp. 449-450) "Before the statute is violated, the defendant must know or reasonably should have known the person was a minor, have the specific intent to commit an enumerated sex offense, and then contact or communicate with the minor or attempt to do so." (*Id.* at p. 450.)

The fallacy of Solis's argument is that it equates mere communication with criminal conduct. But section 288.3 is not aimed at mere communication. As eloquently stated in *Hatch v. Superior Court* (2000) 80 Cal.App.4th 170, 201, as concerns section 288.2: "[T]he statute punishes those who seek not discourse, but intercourse and other sexual *activity*, and who have identified intended victims for pursuit and seduction."

*Solis's Conviction Is Supported By Substantial Evidence*

Solis contends his conviction for luring is not supported by sufficient evidence of intent. We disagree.

Solis argues the evidence he molested D. must be disregarded, because it happened before he sent the text messages. But we do not consider the messages in a vacuum. "'[I]ntent is inherently difficult to prove by direct evidence. Therefore the act itself together with its surrounding circumstances must generally form the basis from which the intention of the actor may legitimately be inferred.' [Citation.]" (*People v. Edwards* (1992) 8 Cal.App.4th 1092, 1099.) In this case, the surrounding circumstances, including the uninvited sexual attention directed at a 12-year-old coupled with the prior

5

molestations, provide ample evidence from which Solis's intention could legitimately be inferred.

Substantial evidence exists in the record to support the conviction. Solis groped and molested D. He sent her text messages asking if she had been with a man, when she was going to "do it," telling her that she would "like it," and inviting her to discuss sex with him any time. Based on the entire record, a rational trier of fact could find him guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 576-578.)

Solis claims that his text messages were misinterpreted, and that he was only trying to "help" D. But the issue is not whether some evidence supports his argument; the issue is whether substantial evidence supports the judgment. We do not weigh the evidence. The trier of fact resolves conflicting inferences raised by the evidence. (*People v. Yeoman* (2003) 31 Cal.4th 93, 128.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


6

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.